IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBIN CRAIN, IV, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:15-CV-2241-N |
| ) | |
| DALLAS COUNTY HOSPITAL DISTRICT ) | |
| ET AL., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.   Parties**

Plaintiff is a state prisoner. He filed this complaint pursuant to 42 U.S.C. § 1983. He also alleges claims for breach of contract, malpractice and conspiracy to violate § 1983. Defendants are the Dallas County Hospital District ("Parkland"), nurse Cesar Augusto Menchaca ("Menchaca"), and Nurses Now International d/b/a MexConnex, USA d/b/a Blue Equity Temporary Services ("NNI").

**II.   Factual background**

Plaintiff files this complaint regarding his treatment while at Parkland hospital from April 9, 2012, through May 11, 2012. He alleges that while at Parkland being treated for an infected finger, nurse Menchaca fondled his genital area twice without his consent, and that he suffered mental anguish as a result.

Plaintiff previously filed these same claims in *Crain v. Menchaca, et al.*, No. 3:12-CV-4063-L (N.D. Tex.). In that case, Plaintiff sued Menchaca, Parkland, NNI, the Dallas County Sheriff Detention Bureau, individual nurses at Parkland and individual county jail officers. On January 2, 2014, the district court dismissed Plaintiff's claims against Parkland and the individual nurses and jail officers with prejudice. (DE 82.) On January 2, 2014, the district court dismissed Plaintiff's claims against NNI without prejudice for want of prosecution because Plaintiff failed to identify NNI's registered agent for service of process in Texas. (*Id.*) On February 4, 2015, the district court dismissed Plaintiff's damage claims against Menchaca with prejudice and dismissed Plaintiff's claims against Menchaca for declaratory or injunctive relief without prejudice finding the Court did not have authority to arrest or investigate Menchaca or to enact a "Mercy Response Act." (DE 147.)

In this case, Plaintiff seeks to reurge his claims against Menchaca, Parkland, and NNI. Plaintiff seeks an order that the Texas Board of Nursing rescind Menchaca's nursing license, that the Court deny Defendants all work visas, and that he be awarded money damages.

**III.    Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v.Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

**IV.**     **Discussion**

**A.**     **Parkland and Menchaca**

Plaintiff's claims against Parkland and his damages claims against Menchaca are barred by the doctrine of res judicata.  Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases.  *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983).  Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication."  *Id*. at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

In this case, Plaintiff sued Parkland and Menchaca in both cases.  The prior case was decided by the United States District Court for the Northern District of Texas, which is a court of

competent jurisdiction.  The prior case dismissed Plaintiff's claims against Parkland and Menchaca on the merits.  Finally, Plaintiff raises the same causes of action in both cases.  Although Plaintiff now includes the claim that Menchaca's actions constituted malpractice, "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."  *Agrilectric Power Partners, Ltd., v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).  Here, both cases are based on Plaintiff's claim that Menchaca sexually fondled him while Plaintiff was a patient at Parkland from April 9, 2012, through May 11, 2012.  Under res judicata, it is "settled that one who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar."  *Nilsen*, 701 F.2d at 561.  Plaintiff's claims arise out of the same nucleus of operative facts.  Plaintiff's claims are therefore barred by res judicata and should be dismissed.

Additionally, Plaintiff's claim for declaratory or injunctive relief are without merit.  Plaintiff seeks an order that the Texas Board of Nursing rescind Menchaca's nursing license and an order that denies Defendants' work visas.  Plaintiff has failed to establish that the Court has authority to grant the requested relief.  These claims should be dismissed.

**B.**     **Nurses Now International**

In Plaintiff's first case, he sued NNI as Menchaca's employer.  He claimed NNI violated his civil rights and committed breach of contract.  The district court dismissed Plaintiff's claims without prejudice for want of jurisdiction, finding Plaintiff failed to provide the Court with the name and address for NNI's registered agent for service of process in Texas.  Plaintiff instead provided the Court with an address in Mexico, an address at El-Centro College in Dallas, and a

Virginia address for NNI Vice-Chairman David Roth. (DE 62.) In Plaintiff's current case, he again provides the same addresses that the district court found insufficient in his first case, and he again fails to name a registered Texas agent for NNI.

Further, Plaintiff's § 1983 claims are barred by the statute of limitations. A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In this case, Plaintiff knew or had reason to know of his § 1983 claims on or about April 9, 2012, through May 11, 2012, when the alleged assault occurred. Plaintiff filed his current complaint on June 17, 2015. Plaintiff has also failed to allege circumstances warranting equitable tolling of the limitations period. These claims are therefore barred by the two-year statute of limitations.

Finally, Plaintiff also alleges breach of contract claims against NNI. Plaintiff's allegations, however, fail to establish any contract between himself and NNI. Instead, he appears to argue Defendants breached a staffing contract that existed among the Defendants. (Amend. Compl. at 2-4.) Plaintiff has failed to allege that he and NNI entered a valid contract that was breached by NNI. *See Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex.App.—Houston [1st Dist.] 2009, pet. denied) (stating under Texas law, the elements of contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution

and delivery of the contract with the intent that it be mutual and binding).  His contract claims are without merit and should be dismissed.

**V.**     **Recommendation**

The Court recommends that this case be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 10th  day of September, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).